## ANNE, The MARY.

[See The Mary Anne, Case No. 9,195.]

## ANNESS, (REISSNER v.)

[See Reissner v. Anness, Cases Nos. 11,686, 11,687, and 11,688.]

## Case No. 413.

### ANNETTE v. The STORM.

[N. Y. Daily T. July 14, 1865.]

District Court, S. D. New York.

COLLISION—TUG ENTERING STEAMER'S SLIP.

[A steam tug is legally chargeable with notice of the time when a steamer is to leave her berth on her regularly appointed and notorious trips, and is negligent in trying to enter the berth at such time, and while the steamer is already in motion, unless driven thereto by stress of weather or casualty.]

[In admiralty. Libel by Robert Annette, owner of the steamer Thomas E. Hulse, against the steam tug Storm, for collision. Decree for libelant.]

Sunbury & Tellon, for libelant.

Beebe, Dean & Donohue, for claimants.

Before BETTS, District Judge.

This was a libel for a collision between the steamboat Thomas E. Hulse owned by the libelant and the steam tug Storm. The collision occurred in broad day light near the mouth of the slip between piers No. —— and ——, in the North river, on the —— day of ——, —.

Held BY THE COURT, that ine Storm was legally chargeable with notice that the Hulse was in motion attempting to depart from her berth upon her regularly appointed and notorious destination to Fort Lee. That the Storm was only seeking the slip which she attempted to enter as a casual place of shelter without any legal priority of right or privilege to the occupation of it, in preference to the Hulse, and without being driven into it by stress of weather or by any compulsion or casualty. That, prima facie, the Hulse was entitled by a free and undisturbed passage out of the slip from which she was in the act of departing; and that the proceedings of the Storm in entering the said slip at the same time, thus crowding upon her and intercepting the movements of the Hulse, was unjustifiable and wrongful.

Decree therefore for libelant, and with a reference to compute damages,